# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BRANT BRISTOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-13-666-M |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

## PROCEDURAL HISTORY

Plaintiff's DIB and SSI applications were denied initially and on reconsideration at the administrative level. At his request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on March 25, 2013.

(TR. 10-22). Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council, which found no reason to review the ALJ's decision. (TR. 1-3). This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's DIB and SSI applications, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 1, 2009. (TR. 12). At step two, the ALJ determined that Plaintiff has severe impairments consisting of disorders of the lumbar spine, discogenic and degenerative, with chronic pain; arthritis of the bilateral knees, status post right knee arthroscopies in April and July 2011; and bilateral shoulder pain. (TR. 13). The ALJ also determined that Plaintiff's major depressive disorder, his obsessive-compulsive disorder, and his bronchitis were not "severe" within the meaning of 20 C.F.R. §§ 404.1521 and 416.921 (TR. 12-13).

At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 15).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), in that claimant can only occasionally climb, balance, stoop, kneel crouch, and crawl.

(TR. 16).

At the second phase of step four, the ALJ determined that Plaintiff's past relevant work as a gunsmith is classified as skilled, (SVP of 8), light work. (TR. 21). Based on the limited testimony of the vocational expert (VE), the ALJ determined at the third phase of step four that Plaintiff can perform his past relevant work as gunsmith as it is actually and generally performed. (TR. 21).

## ISSUES FOR REVIEW

Plaintiff challenges the ALJ's step four analysis including the RFC assessment, which Plaintiff contends, is legally flawed and not supported by substantial evidence. Plaintiff alleges that the ALJ's failure to properly evaluate Dr. Johnson's opinions contributed to the errors at step four.

## ANALYSIS

Step four of the sequential analysis, at which the ALJ found Plaintiff not disabled, is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental RFC, *see* SSR 86–8, Soc. Sec. Rep. Serv., Rulings 1983–1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e); 416.920(e). In

3

the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. See SSR 82–62, Soc. Sec. Rep. Serv., Rulings 1975–1982, 809; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). At each of these phases, the ALJ must make specific findings. *See Henrie*, 13 F.3d at 361.

Plaintiff contends that the ALJ erred in his RFC determination in that he disregarded a significant amount of objective medical evidence that conflicted with the RFC determination. (ECF No. 15:18). Plaintiff contends that, although the ALJ mentioned the "near bone on bone" degenerative disk disease at L5-S1, the ALJ ignored the pain which would result from such a diagnosis and focused instead on the MRI findings of a "small" disc protrusion or herniation, and Dr. Hume's statement that Plaintiff lacked radicular symptoms. (TR. 19-21; 534, 593, 636). The ALJ did not include in his discussion of the evidence the portions of the MRI report indicating impingements of at least one lumbosacral nerve root and bone marrow edema. (TR. 12-21, 543, 595). The ALJ also focused on one doctor's report that Plaintiff did not experience radiating pain, while numerous other medical source reports noted pain radiating to Plaintiff's lower extremities. (TR. 405, 464, 517, 536, 558, 626, 630, 632). The regulations require the ALJ to "consider all evidence in [the] case record when [he] make[s] a determination or decision whether [claimant is] disabled." 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

The ALJ also failed to discuss the opinions of Dr. Johnson who treated Plaintiff for pain management resulting from degenerative disc disease.[1] Notes from three examinations, each three months apart, are included in the record. (TR. 464-465, 553, 567). Dr. Johnson prescribed the narcotic medicine Lortab to be taken up to four times per day for pain and the muscle relaxant Soma to be taken up to three times per day for muscle spasms. Dr. Johnson advised Plaintiff not to operate any heavy machinery while taking the narcotic. Not surprisingly, Plaintiff testified at the administrative hearing that his medications slow him down, impair his memory and make him fall asleep. (TR. 47). Despite Plaintiff's testimony and Dr. Johnson's having instructed Plaintiff not to operate heavy machinery while taking narcotics, the ALJ stated that "there is no indication that claimant experiences the side effects of medication, which significantly diminishes his residual functional capacity." (TR. 21). This finding is not supported by substantial evidence in the record. Plaintiff's testimony about the effects of taking the narcotic medication as prescribed is uncontroverted. Plaintiff was repeatedly prescribed Lortab to be taken up to four times per day. His allegation regarding the side effects of Lortab is supported by Dr. Johnson's warning regarding the operation of heavy machinery.

The gravity of the ALJ's unfounded "finding" regarding the absence of side effects from medication affected all phases of the ALJ's analysis at step four. The ALJ's

---

[1] The undersigned agrees with the Commissioner that the ALJ properly assigned "minimal weight" to Dr. Johnson's opinion that Plaintiff is "disabled." (TR. 18). The determination of disability is reserved solely to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). Moreover, Dr. Johnson's opinion did not include a discussion of Plaintiff's limitations which would support his ultimate conclusion that Plaintiff is "disabled."

5

first question to the VE was limited to physical and postural limitations. (TR. 70). The ALJ characterized the question as referring to the claimant:

> Q: Start with the claimant, who can perform physical exertion requirements of light work, as defined by the regulations. We'll go with occasional climb, balance, stoop, kneel, crouch, and crawl. Could he perform his past work as a gunsmith?
>
> A: Yes, your honor.

(TR. 70). According to the Dictionary of Occupational Titles, however, the job of gunsmith entails considerably more than being able to stand and/or walk six hours in an eight-hour day. The job of gunsmith also requires the use of various types of machinery. The job description follows:

> Repairs and modifies firearms to blueprint and customer specifications, using handtools and machines, such as grinders, planers, and millers: Fits action and barrel into stock and aligns parts. Installs parts, such as metallic or optical sights, pistol grips, recoil pads, and decorative pieces of firearms, using screws and handtools. Rebores barrels on boring machine to enlarge caliber of bore. Operates broaching machine to cut rifling in barrel of small arms. Installs choke device on shotguns to control shot pattern. Operates machine to grind and polish metal parts. Immerses metal parts in bluing salt bath to impart rust resistant surface and blue color to metal. Fires firearms with proof loads to determine strength characteristics, correct alignment, and assembly of piece. Fabricates wooden stock for guns according to customer specifications. Refinishes wooden stocks for rifles and shotguns by hand sanding and rubbing with special finishing oil and quick-drying lacquer. May lay out plans on paper and calculate bullet-flight arcs, sight positions, and other details to design new guns.

GUNSMITH, DICOT 632.281-010, 1991 WL 685462. But the ALJ's limited inquiry led the VE to give a limited answer.[2] The rest of the hypothetical questions were based on a hypothetical individual 49 years old or younger. Because the ALJ had predetermined that Plaintiff had no side effects from the frequent doses of narcotic medication, the ALJ did not include any limitations on Plaintiff's ability to use diverse machinery in his questions to the VE. As Plaintiff notes, common sense dictates that an individual who takes frequent doses of narcotic medication daily should not be operating any machinery and should not be loading and firing guns. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-1167 (10th Cir. 2012) (recognizing the role of common sense in review of Social Security disability decisions).

In sum, the decision of the ALJ is not supported by substantial evidence in the record. Moreover, the ALJ erred in failing to properly discuss uncontroverted evidence in the record that did not support his decision. For these reasons, the decision of the Commissioner should be remanded for further proceedings consistent with this Report and Recommendation.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

---

[2] Neither the ALJ nor the VE took into account the description of "Gunsmith" in DICOT.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **November 13, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on October 31, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE